**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE LUIS MERIDA RODAS, | No. 11-72784 |
| Petitioner, | Agency No. A098-261-340 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 12, 2015[**]
San Francisco, California

Before: WALLACE, M. SMITH, and WATFORD, Circuit Judges.

**1.** Jose Luis Merida Rodas contends that the Department of Homeland
Security (DHS) failed to follow its own internal regulations when it reinstated his
removal order pursuant to 8 U.S.C. § 1231(a)(5). We lack jurisdiction to review
those claims. *Villa-Anguiano v. Holder*, 727 F.3d 873, 877–78 (9th Cir. 2013).

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

**2.** Rodas contends that the DHS's actions also violated his due process rights. We have jurisdiction to review those claims, *id.* at 877–78 & n.3, but none of them have merit.

Rodas argues that the DHS's failure to notify him of its intent to reinstate his removal order violated a fundamental due process right. The DHS committed no error on that score. The record shows that Rodas was properly served with a document giving him the required notice. He "refused to sign" to acknowledge receipt, but his refusal of service did not deprive him of notice.

His two remaining contentions fail as well. First, Rodas argues that the DHS violated its own internal regulations by failing to obtain a copy of the full version of his prior removal order. 8 C.F.R. § 241.8(a)(1). Second, Rodas claims that the DHS violated its own regulations by not "immediately" referring Rodas to his reasonable-fear hearing, *see* 8 C.F.R. § 241.8(e), even though Rodas now admits that the hearing has occurred. Neither of these claims implicates "fundamental due process rights," so Rodas must show prejudice. *See United States v. Raya-Vaca*, 771 F.3d 1195, 1205 (9th Cir. 2014). He has not done so here, and that failure is dispositive.

**PETITION DISMISSED IN PART AND DENIED IN PART.**